U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 16 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KATHY B. LANDRY | : | DOCKET NO. 2:05 CV 2185 |
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the court are plaintiff Kathy B. Landry's Objections to the Report and Recommendation of the Magistrate [doc. 14]. In general terms, Landry argues that the magistrate should have found that Landry was disabled from July 2004 to November 2004. Contrary to the magistrate's finding, Landry asserts that she could not perform past relevant work after June 30, 2004. Specifically, the Landry raises the following objections:

(1) The magistrate should not have found that Landry stopped using her walker in June 2004.

(2) The magistrate improperly placed the burden of proof on Landry and failed to apply the medical improvement standard.

(3) The magistrate impermissibly reweighed evidence.

(4) The magistrate impermissibly assumed the role of the vocational expert (VE) and improperly determined that Landry regained her ability to climb when she stopped using her walker.

(5) The magistrate failed to address that the Administrative Law Judge (ALJ) erred in finding the testimony of Mr. Landry to be unsupported by the evidence of the record as a whole.

## BACKGROUND

Landry filed an application for Supplemental Security Income benefits on November 24, 2003, alleging that she became disabled on November 1, 2002.[1] She alleged an inability to work since November 1, 2002 due to back surgery and leg numbness.[2] On February 9, 2004 the claim was denied.[3] Landry then requested and was granted a July 19, 2005 hearing with an ALJ.[4]

At the hearing, Landry amended her application to reflect a closed period of disability from November 1, 2002 to November 29, 2004.[5] In an August 25, 2005 written decision, the ALJ determined at Step Five that Landry was not disabled within the meaning of the Social Security Act.[6] Thereupon, Landry appealed the ALJ's decision to the Appeals Council.[7] On November 15, 2005, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner.[8]

---

[1] Tr. 79-82.

[2] Tr. 78-79, 86-87.

[3] Tr. 64-67.

[4] Tr. 68-71.

[5] Tr. 13, 28.

[6] Tr. 10-22.

[7] Tr. 8.

[8] Tr. 4-6.

On December 8, 2005, Landry filed a complaint in this court seeking review of the denial of benefits. On November 7, 2006, the magistrate issued his Report and Recommendation (R/R) wherein he recommended that "the Commissioner's decision be reversed and remanded with instructions to award benefits for a closed period from the earliest eligibility date (the month following the November 5, 2003 application date) until June 30, 2004.[9] Otherwise, the magistrate recommended that the Commissioner's decision be affirmed.[10]

## ANALYSIS

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (2006). "[T]he district court makes 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'." *U.S. v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406 (1980) (emphasis omitted)).

Upon a *de novo* review of the administrative record, the court finds that the plaintiff's fourth objection has merit. However, for the reasons below, the court concurs with the magistrate's recommendation.

In the R/R, the magistrate wrote:

> The only job requirement that potentially conflicts with plaintiff's residual functional capacity is the need to climb (presumably onto the bus). However, plaintiff testified that her inability to climb lasted for

---

[9] R/R 11 [doc. 14].

[10] *Id.*

> only a "majority" of the two years, and was related to her lack of mobility. Thus, it stands to reason that Landry recovered her ability to climb when she ceased using her walker in July 2004.[11]

The conclusion that Landry recovered her ability to climb when she stopped using her walker evinces a slight leap of logic and, it is in this regard that Landry's objection has merit.

As the magistrate notes, the administrative record does not contain any pertinent medical records beyond October 2003. However, the record does contain a January 13, 2004 Functional Capacity Assessment (FCA) completed by a non-examining agency physician.[12] This assessment indicates that Landry is able to occasionally climb ramps and stairs. Occasionally is defined as "occurring from very little up to one-third of an 8-hour work day."[13]

Thus, the FCA shows that Landry is able to climb ramps and stairs for a short period of time each day. Landry indicated that her past relevant work as a school bus driver required four hours of sitting, one hour of climbing, and no stooping, kneeling, crouching, crawling, handling, or reaching.[14] Therefore, as the magistrate concluded, Landry retains the residual functional capacity to perform her past relevant work as a bus driver. *Jones v. Bowen*, 829 F.2d 524, 527 n. 2 (5th Cir. 1987) (noting that past relevant work can be defined as the actual demands of past work).

Accordingly, it will be ordered that this matter be reversed and remanded with instructions to award benefits for a closed period from the earliest eligibility date (the month following the November 5, 2003 application date) until June 30, 2004. Otherwise, the Commissioner's decision

---

[11] R/R 10-11 (citations omitted).

[12] Tr. 151-58.

[13] Tr. 151.

[14] *See* R/R 10 (citing Tr. 87-88).

will be affirmed.

    Lake Charles, Louisiana, this __16__ day of __March__, 2007.

                                      PATRICIA MINALDI
                                      UNITED STATES DISTRICT JUDGE