


RECEIVED
IN LAKE CHARLES, LA

MAY 24 2007
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| KATHY B. LANDRY | : | DOCKET NO. 2:05 CV 2185 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Before the court is a Motion for New Trial [doc. 18] filed by plaintiff Kathy B. Landry. No opposition to the motion has been filed.

In Landry's motion, she states, "The court in this matter 'does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's,' and the 'ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council.'"[1] The court presumes that, in making this argument, Landry is referring to the statement in the Memorandum Ruling which says, "Upon a *de novo* review of the administrative record, the court finds that the plaintiff's fourth objection has merit."[2]

The court did not undertake a *de novo* review of the Commissioner's decision. Rather, the court made a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection[s] [were] made," as required by 28 U.S.C. § 636. Indeed,

---

[1] Mot. for New Trial ¶ 6 (quoting *Newton v. Apfel*, 209 F.3d 448, 452, 455 (5th Cir. 2000)).

[2] March 16, 2007 Mem. Ruling 3 [doc. 16].

it is apparent from even a cursory reading of the Memorandum Ruling, that the court properly applied the substantial evidence standard.

In concurring with the magistrate's finding that Landry retains the functional capacity to perform her past relevant work, the court looked to a Function Capacity Assessment contained in the administrative record.[3] Reviewing such evidence does not run afoul of the substantial evidence standard. As the Fifth Circuit noted, "[T]his very narrow ambit of judicial review does not release us from our responsibility to scrutinize the record *in its entirety* to determine whether substantial evidence does support the Secretary's findings." *Millet v. Schweiker*, 662 F.2d 1199, 1201 (5th Cir. 1981) (citing *Flowers v. Harris*, 616 F.2d 776 (5th Cir. 1980); *Simmons v. Harris*, 602 F.2d 1233 (5th Cir. 1979)) (emphasis added).

For the foregoing reasons, the plaintiff's Motion for New Trial [doc. 18] is hereby DENIED.

Lake Charles, Louisiana, this ⎯⎯ day of May, 2007

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] *Id.* at 4.

2